IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Case No. 13-cv-01926-RBJ

FREDRICK D. DEBERRY,

    Applicant,

v.

D. BERKEBILE (Warden),

    Respondent.

---

ORDER GRANTING APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter comes before the Court on the *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) filed July 17, 2013, by Applicant Fredrick D. Deberry. On October 23, 2013, Respondent was ordered to show cause why the Application should not be granted. Respondent has filed an Answer to Order to Show Cause (Doc. #15) and Applicant has filed a Response to Defendant's Answer (Doc. # 20). Applicant also filed a Motion for Order Granting Applicant's Relief Sought as Sanction for Failure of the Defendant to Comply with the Court's Order to Show Cause (Doc. #16) and Respondent filed a Response (Doc. #19).[1]

---

[1] In his Motion, Applicant contends that Respondent failed to respond within twenty-one days to the Court's October 23, 2013 order to show cause why the Application should not be granted. (*See* Doc. #16 at 2-3.) In the Response, Respondent states that he submitted his response on November 14, 2013, one day late due to a clerical error in Respondent's notification system used to track case deadlines. (*See* Doc. # 19 at 2.) The Court finds that this error does not warrant sanctions. Moreover, Respondent concedes that Applicant is entitled to the reinstatement of fifty-five days of good time conduct that Applicant lost as a result of the disciplinary hearing he challenges. (*Id.*) Accordingly, the Court denies Applicant's Motion for Order Granting Applicant's Relief Sought as Sanction for Failure of the Defendant to Comply with the Court's Order to Show Cause.

After reviewing the pertinent portions of the record in this case, the Court concludes that the Application should be granted.

## I. BACKGROUND

Applicant is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and he is incarcerated at the United State Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado. Applicant is challenging the validity of a prison disciplinary conviction that resulted in a loss of fifty-five days of good time credits and other sanctions.

The altercation that precipitated the disciplinary charges in question occurred on March 27, 2011. Applicant initially was charged in Incident Report No. 2142875 with (1) threatening another with bodily harm; (2) refusing an order; (3) insolence; (4) interfering with the taking of count; and (5) using abusive or obscene language. (*See* Doc. #1 at 11.) The Incident Report, prepared by Officer Erp, includes the following factual basis for the disciplinary charges against Applicant:

> On 3-27-2011 at approximately 3:56 PM while conducting feeding D-B Unit bottom tier Inmate Deberry, Frederick Register #09303-042 received his tray opened it and proceeded to the back of the unit. Approximately 3 minutes later inmate Deberry returned to the officers station grill and stated "I'm missing my fucking desert from my food tray" I informed inmate Deberry that he had opened his tray in front of me and notated nothing wrong with the tray. Inmate Deberry then stated "So you ain't gonna give me another tray then call the Operations Lieutenant and tell him that inmate Deberry ain't locking down until the Lieutenant brings me a desert" I then proceeded to go to the recreation grill to retrieve a chair for the orderly when inmate Deberry followed me to the grill stating "I want you try to come in here and lock me down you punk mother fucker and we will see what happens." I opened the grill to hand the orderly the chair and inmate Deberry approached me in an aggressive manner stating "you think I would lie to you about a fucking cake?" I gave inmate Deberry a direct order to back up and return to his cell. Inmate Deberry Refused the direct order stating

> "I ain't locking down till I see the Operations Lieutenant.
> Operations Lieutenant was notified. When the Activities Lieutenant
> Arrived Inmate Deberry proceeded to lock down at approximately
> 4:08 PM.

(Doc. #1 at 11.)

On May 16, 2011, Applicant was found guilty of the charges of threatening (code #203), refusing an order (code #307), and insolence (code #312) at a hearing before the Disciplinary Hearing Officer ("DHO"). (*See* Doc. #15-2 at 11.) At the hearing, the DHO considered Officer Erp's Incident Report, Officer Polite's supporting memorandum, Unit Manager Derr's summary of video footage of the incident, Applicant's own statement of events, and statements of three inmates that Applicant requested to have testify on his behalf. (*Id.* at 11-12, 19-20.) Although, Applicant asked to view video footage of the incident and to have that footage playing during the hearing, neither request was granted. (*Id.* at 12; Doc. #1 at 3.) The DHO issued a written report on August 12, 2011 (*see* Doc. #15-2 at 11-13).

## II. STANDARDS OF REVIEW

The Court must construe the Application and other papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3).

With respect to prison disciplinary proceedings, "[i]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* (internal citation and quotation marks omitted).

The Tenth Circuit has held that an inmate's due process right to present documentary evidence is violated when prison officials unjustifiably refuse the inmate's request to produce and review video footage. *See Howard,* 487 F.3d at 814-15 (finding that BOP must produce and consider requested video footage at disciplinary hearing unless it would be unduly hazardous to institutional safety or correctional goals); *Whitmore v. Jones,* 490 F. Appx. 122, 124 (10th Cir. 2012) (failure to "produce" occurs when BOP refuses to provide an inmate with video footage of

4

an alleged incident after the inmate specifically requests to view such video footage prior to a disciplinary hearing); *see also Davis v. Davis,* No. 11-cv-00769-MSK, 2011 WL 5075617, at *5 (D. Colo. Oct. 25, 2011) (highlighting the need for the inmate to request review of the video footage prior to the disciplinary hearing). This requirement to produce is relieved where there is an undue hazard to institutional safety or correctional goals in permitting the inmate to view the particular footage at issue. *See Howard,* 487 F.3d at 814. Denial of the right to review video footage is subject to the harmless error standard. *Id.* at 815. "[T]he test for determining whether a constitutional error is harmless ... is whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Neder v. United States*, 527 U.S. 1, 16 (1999) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

### III.  DISCUSSION

Applicant advances two arguments for relief in the Application. First, Applicant alleges he was denied procedural due process because prison officials unjustifiably denied his request that video footage of the incident be presented and viewed as evidence during his disciplinary hearing. (Doc. #1 at 3.) He further argues that the video footage would have supported his claim of innocence. (*Id.*) Second, Applicant contends that he was denied due process because the DHO was unfair and biased, and the allegations and charges in the Incident Report were fabricated in retaliation for Applicant's attempt to report Officer Erp's "unethical verbal outburst" and Applicant's then-pending civil action, No. 10-cv-02268-CMA-BNB, which names the BOP and Officer Polite as defendants. (*Id.* at 3, 7-8.)

#### A.  Argument 1: Exclusion of Video Footage Evidence

Applicant first argues that the BOP's refusal to permit him to view video footage of the incident and to present the video footage to the DHO during the disciplinary hearing deprived

Applicant of the process due him.

The record demonstrates, and Respondent concedes, that prior to his disciplinary hearing, Applicant requested to view video footage of the incident at issue and to have that footage played during the hearing.  (*See* Doc. #1 at 3, 7, 13; Doc. #15-2 at 20.)   The BOP, however, did not permit Applicant to review the video footage, and did not play the footage for the DHO during the hearing.  (*Id.*)   As stated above, the Tenth Circuit has held that prison officials cannot unjustifiably refuse an inmate's request to produce and review video footage without violating the inmate's right to due process.  *See Howard,* 487 F.3d at 814-15.   Moreover, Respondent concedes that there was no undue hazard to institutional safety or correctional goals in permitting Applicant to view the particular footage at issue.  (Doc. #15 at 9.)   Respondent also concedes that he cannot demonstrate, beyond a reasonable doubt, that the error complained of did not contribute to the verdict.  (*Id.*)   Accordingly, the Court finds that the BOP violated Applicant's procedural due process rights, and that this constitutional error was not harmless.   The Court, therefore, finds that Applicant is entitled to the relief he requests.   The Court directs Respondent to reverse and expunge the DHO's findings that Applicant violated offense codes 203, 307, and 312 from his prison records and to restore the fifty-five days of good conduct time that had been revoked as a result of that disciplinary hearing.

**B.   Argument 2: Bias and Retaliation Claims**

Because the Court grants Applicant the relief he seeks, the Court need not address the allegations of bias and retaliation in Applicant's second claim.

### IV.   CONCLUSION

For all these reasons, the Court finds that Applicant is entitled to relief in this action and the Application will be granted.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) filed July 17, 2013, by Fredrick D. Deberry is GRANTED.   It is

FURTHER ORDERED that Applicant's Motion for Order Granting Applicant's Relief Sought as Sanction for Failure of the Defendant to Comply with the Court's Order to Show Cause (Doc. #16) is DENIED.   It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED this 17th day of March, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge